**FILED**

JUN 29 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Sean J. Hopkins, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) Civil Action No. | **09 1179** |
| | ) | |
| Warden Anderson, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Petitioner has filed an application to proceed in forma pauperis and a pro se petition for habeas corpus. This application to proceed in forma pauperis will be granted and the petition will be dismissed for lack of jurisdiction.

Petitioner is a prisoner under sentence imposed by the Superior Court for the District of Columbia in 1994 following a jury trial who is currently confined at the United States Medical Center for Federal Prisoners in Springfield, Missouri. Petitioner filed this habeas petition under 28 U.S.C. § 2254 to challenge his Superior Court conviction and sentence. Specifically, he contends that he was denied effective assistance of counsel during his criminal proceedings, and that the trial court entertaining his post-conviction collateral attack erred when it refused hold an evidentiary hearing on the issue of ineffective assistance of counsel. Pet. at 6, 8, 10.

Collateral challenges to sentences imposed by the Superior Court must be brought in that court under D.C. Code § 23-110. *See Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges). Here, petitioner's motion under § 23-110 was denied, and the denial was affirmed on appeal. Pet. at 7. "An application for a writ of

habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."* D.C. Code § 23-110(g) (emphasis added). Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay,* 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.")

Generally, "[s]ection 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); accord *Blair-Bey v. Quick,* 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with habeas corpus. That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

*Garris v. Lindsay,* 794 F.2d at 726 (*quoting Swain v. Pressley,* 430 U.S. 372, 382-83 (1977)) (footnotes omitted). The mere denial of relief by the local courts does not render the local

2

remedy inadequate or ineffective. *See id.* at 727; *Charles v. Chandler*, 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

Petitioner has been denied relief under § 23-110. He has not claimed, and it does not appear, that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention. Therefore, his habeas petition before this court must be dismissed for lack of jurisdiction. An appropriate order accompanies this memorandum opinion.

Date: 6/19/09

United States District Judge